UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
STEPHEN RAY SCOTT ) CASE NO. 09-12198(1)(13)
)
Debtor(s) )

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Relief from Stay, Motion for Relief from Co-Debtor's Stay and Motion to Vacate Order of Confirmation filed by Creditor Loan Care Servicing Center ("Loan Care"). The Court reviewed the Creditor's Motions, the Responses of the Debtor Stephen Ray Scott ("Debtor") and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **DENY** the Motions.

### PROCEDURAL BACKGROUND

On December 15, 2003, Stephen Ray Scott and Felicia Danielle Scott, executed a Promissory Note and Mortgage in the amount of $57,000 with United Financial Mortgage Corporation. The Mortgage was on property located at 2000 Goshen Road, Elkton, Kentucky. The Note was assigned to and refinanced by Loan Care at a later date. The Assignment was recorded in the Todd County Clerk's office on April 23, 2010.

On March 26, 2007, Debtors filed a Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. The case was assigned Case No. 07-10357. The Debtors filed their Plan and listed Loan Care as a creditor with a secured claim valued at $1,000 and an interest

rate of 9.25%. Loan Care's claim was also listed on Schedule D to Debtor's Petition as a secured claim on 2000 Goshen Road valued at $1,000 and unsecured at $49,565.23. Loan Care was served with a copy of the Petition and the Plan.

On July 16, 2007, Loan Care filed Proof of Claim No. 11 listing a secured claim against the Debtors in the amount of $50,362.10 secured by real estate. The Proof of Claim valued the collateral at $72,000.

On June 29, 2007, the Court entered an Order confirming the Debtors' Chapter 13 Plan. The Plan listed Loan Care's claim as secured at $1,000 with "lien on land only" and the balance of the claim as unsecured. The Order was served on Loan Care.

On March 3, 2009, Loan Care filed a Motion to Vacate the Order of Confirmation. In that Motion, Loan Care claimed that Debtors could not avoid a consensual lien through a Chapter 13 Plan, that Debtors had to institute an adversary proceeding to determine the extent of their lien and that the Plan had not been served properly on Loan Care because it had not been addressed to an officer or an agent of the corporation.

On May 7, 2009, Loan Care and the Debtors entered into an Agreed Order holding the Motion to Vacate the Order of Confirmation in abeyance until Debtors had an opportunity to file an adversary proceeding.

On July 9, 2009, the Debtors instituted adversary proceeding No. 07-10357 against Loan Care seeking to avoid Loan Care's lien pursuant to 11 U.S.C. §522(f).

On November 30, 2009, Debtors filed a Motion to Separate Cases due to their divorce. An Order granting that Motion was entered by the Court on December 23, 2009. Debtor Stephen Ray Scott was assigned the instant Case No., 09-12198.

On July 7, 2010, Loan Care filed its Motion to Reschedule Hearing on its Motion to Vacate Order Confirming Chapter 13 Plan filed on March 3, 2009 in Case No. 07-10357.

On July 8, 2010, the Court entered the Debtor's Order Confirming his Chapter 13 Plan in this case which set forth Loan Care's claim valued at $1,000 with "lien on land only. Balance unsecured".

Also on July 8, 2010, Loan Care filed its Motion to Vacate the Order Confirming the Chapter 13 Plan of Debtor.

On July 22, 2010, Debtor filed a Supplemental Schedule of Allowed Claims listing Loan Care's unsecured claim of $50,362.10.

Following supplemental briefing by the parties and a hearing on the Motion to Vacate, the Court took the matter under submission.

## LEGAL ANALYSIS

Loan Care requests that the Court vacate its Order confirming the Debtor's Chapter 13 Plan because the Plan avoids a consensual lien on Debtors' mobile home. Loan Care contends that it was "clearly the intention of the parties that the Debtors were to grant a consensual mortgage lien on their principal residence, which includes the mobile home." See, Motion to Vacate at p. 4. In support of this claim, Loan Care relies on a reference in the Uniform Residential Loan Application, which references "MOBIL" under the Schedule of Real Estate owned by the Debtors. The Court finds this sole reference in all of the loan documents insufficient to establish the intent of the Debtors to grant a lien on their mobile home.

The original loan in this case was made to the Debtors by United Financial Mortgage Corporation. Loan Care did not provide the funds used by the Debtors to purchase the land and the

-3-

mobile home. Loan Care acquired the Note through an Assignment upon refinancing the loan for the Debtors. There is nothing in the documentation before the Court that supports Loan Care's claim that Debtors intended to grant a lien on the mobile home and the real estate located at 2000 Goshen Lane.

Loan Care does not have a perfected lien in the mobile home in accordance with Kentucky law. Kentucky law requires that a security interest in any property, such as the mobile home, be noted on the Certificate of Title. See, KRS 186A.190(1). Also, in order for the manufactured home to be considered permanently affixed to the real estate, the owner of the home may file an affidavit of conversion to real estate with the county clerk of the county in which the real estate is located and surrender the certificate of title. See, KRS 186A.297(1). None of these statutory provisions were complied with in this case.

Loan Care states that this case is remarkably similar to this Court's decision in Akers v. City Mortgage, Inc., 427 B.R. 409 (Bankr. W.D. Ky. 2010). The Court disagrees. In the Akers case, the loan documents clearly set forth that the loan was intended to be secured by the manufactured home as part of the real estate. The debtors in Akers agreed to provide an affidavit of conversion and repeatedly rebuffed the creditors' efforts to obtain the certificate of title from the debtor in order to note its lien on the title to the mobile home. It was determined that an equitable lien on the mobile home existed and was valid as against the debtors.

The reasoning in Akers does not apply here as the facts are completely distinguishable from those in Akers. The debtors in Akers filed their Petition under Chapter 7 of the Code, not Chapter 13. Also, the facts herein do not indicate an unequivocal intention to grant a lien on the mobile home. There were no comparable efforts by Loan Care to properly secure a lien like the efforts

-4-

made by the creditors in Akers through proper loan documentation on the mobile home. The creditors in this case did not properly document their loan or secure it in accordance with Kentucky law.

The Court agrees with Debtor that 11 U.S.C. 1322(b) is also not a bar to the terms of the Debtor's Plan to pay off Loan Care at a secured value of $1,000, with the remainder of the debt unsecured. Section 1322(b)(2) of Title 11 prevents the modification of a claim secured only by a security interest in real property that is the Debtor's principal residence. Here, the real estate referenced in the loan documents is 2000 Goshen Road, Elkton, Kentucky. The Debtor's principal residence is the mobile home.

Loan Care also contends that the Order confirming Debtor's Plan should be vacated because it was not properly served on Loan Care because the Plan was not addressed to an officer or agent of Loan Care in compliance with Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure. Loan Care states that the service of the Plan by first class mail was insufficient to provide Loan Care with due process.

There is no requirement within the Bankruptcy Code for a Chapter 13 Plan to be served in accordance with Rule 7004(b)(3). Due process requires notice "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). There is no doubt that due process was afforded to Loan Care. Debtor served the Petition and the Plan on Loan Care and Loan Care does not claim that it had no notice of the bankruptcy, the Plan, an opportunity to object to the Plan, or Debtor's intention to treat the bulk of its claim as unsecured. In fact, Loan Care filed a Proof of Claim on July 16, 2007. It did not,

however, timely object to the Plan or move to vacate the Order of Confirmation until two years after it was entered.[1]

The Supreme Court recently settled the due process issue in United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367 (2010). In Espinosa, a debtor with a nondischargeable student loan filed a Chapter 13 plan stating that he would pay only the principal on the loan and discharge any accrued interest. The plan was served on the loan provider who filed a proof of claim, but did not object to the plan or to the debtor's failure to initiate an adversary proceeding to determine dischargeability of the debt. The plan was confirmed by the bankruptcy court.

Several years later the creditor moved to have the confirmation order vacated. One of its arguments was that it had been denied due process because the confirmation order was issued without service of the summons and complaint as the Code requires as a prerequisite to an adversary proceeding. The Supreme Court in Espinosa held that the bankruptcy court's order confirming the plan was a final judgment. The court settled the notice issue by stating, "Where, as here, a party is notified of a plan's content and fails to object to confirmation of the plan before the time for appeal expires, that party has been afforded a full and fair opportunity to litigate, and the parties to avail itself of that opportunity will not justify Rule 60(b)(4) relief." Id. at 1380. The creditor in Espinosa, as Loan Care herein, had actual notice of the bankruptcy filing and the contents of the Plan. This more than satisfied the creditor's due process rights.

Loan Care had ample opportunity to properly document and secure its loan. It had notice of the Debtors' Plan contents and how the Debtors intended to treat its claim. Loan Care's failure

---

[1] Debtor cites the 180 day time period under 11 U.S.C. §1330, within which a party may seek a revocation of a confirmation order procured by fraud. The statute does not apply since no fraud is alleged in the procurement of the confirmation order.

to assert its objection to the Plan until nearly two years after the Plan was confirmed does not provide a basis for this Court to set aside a valid confirmation Order. It remains an enforceable and binding Order on Loan Care.

By separate Order, the Court will deny Loan Care's Motions for Stay Relief.

## **CONCLUSION**

For all of the above reasons, the Motion to Vacate Order of Confirmation of Creditor Loan Care Servicing Center is **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 19, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
STEPHEN RAY SCOTT ) CASE NO. 09-12198(1)(13)
)
Debtor(s) )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Vacate Order of Confirmation filed by Creditor Loan Care Servicing Center, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 19, 2010